UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| GREGORY BARTKO,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, *et al.*,<br><br>    Defendants. | Civil Action No. 17-781 (JEB) |

## MEMORANDUM OPINION

Another day, another Opinion in this long-running Freedom of Information Act dispute between *pro se* Plaintiff Gregory Bartko and various branches of the federal government. In today's installment, Defendant Executive Office for United States Attorneys seeks partial summary judgment as to one of Bartko's FOIA requests. EOUSA contends that it properly withheld portions of select documents under FOIA's deliberative-process privilege and in compliance with this Court's September 25, 2018, Order. Bartko disagrees, claiming that the government-misconduct exception vitiates EOUSA's claim to the privilege. He also believes that the Government has not provided him with the full tranche of documents it owes him. Plaintiff's first objection was already answered by this Court in its September 2018 Opinion, and his second is not convincing given additional production by the Government. As a result, the Court will grant EOUSA's Motion for Partial Summary Judgment.

1

## I. Background

The facts underlying Bartko's claim need no retelling; new readers may review this Court's several prior Opinions on the topic. See, e.g., Bartko v. Dep't of Justice, 2018 WL 4608239 (D.D.C. Sept. 25, 2018); Bartko v. Dep't of Justice, 62 F. Supp. 3d 134 (D.D.C. 2014).

At issue today is Bartko's FOIA Request No. 2015-759, in which he sought records of misconduct committed by Assistant United States Attorney Clay Wheeler, who successfully prosecuted him for criminal fraud in the Eastern District of North Carolina. See Bartko, 2018 WL 4608239, at *2. After processing and releasing certain records, the Department of Justice's Office of Professional Responsibility referred 320 additional pages to EOUSA. Id. at *3–4. Invoking several FOIA exemptions, EOUSA withheld the records in full. Id. at *2. Plaintiff, in turn, filed suit. He asked this Court to order the agency to hand over the records, and both sides sought summary judgment.

In its September 25, 2018, Opinion, the Court found that the agency had properly withheld a series of documents under Exemption 5's deliberative-process privilege, which "shields internal 'agency advisory opinions, recommendations and deliberations' in order to 'protect the decision making processes of government agencies.'" Id. at *5 (quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975)). Specifically, the Court held that the agency had properly withheld 13 documents spanning 14 pages: OPR-12, OPR-13, OPR-14, OPR-15, OPR-16, OPR-17, OPR-19, OPR-20, OPR-21, OPR-22, OPR-23, OPR-23(a), and OPR-24. Id. In so holding, it rejected Bartko's argument that government misconduct rendered the deliberative-process privilege inapplicable. Id. at *5–6. "Assuming Bartko's allegations of misconduct rise to the appropriate level," the Court wrote, "they still do not vitiate the deliberative-process privilege under these circumstances." Id. at *6. The Court nonetheless

ordered the agency to either show that all material within the documents was not reasonably segregable for partial release or to release any non-exempt portions. Id. at *10–11.

EOUSA then took a mulligan and reconsidered its withholding determinations for those above-listed records. On December 3, 2018, it released to Plaintiff portions of the 14 pages. See ECF No. 70 (Gov't Partial MSJ), Attach. 2 (Declaration (Third) of Tricia Francis), ¶ 2; see also id., Exh. B (December 3, 2018, Letter). Following that reevaluation, the agency argues it has now "redacted only the portions of these records that reflect inter-agency consultations." Gov't Partial MSJ at 4. It continues to invoke Exception 5's deliberative-process privilege for the redacted portions, which it claims are now properly withheld. Id. EOUSA also redacted direct phone numbers of certain Assistant United States Attorneys under Exemption 6, which protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Id. at 5 (quoting 5 U.S.C. § 552(b)(6)). Considering its work complete, EOUSA filed for partial summary judgment as to Request No. 2015-759 on April 4, 2019.

Bartko is not on board, however, and he responded on April 23 with an Opposition and Cross-Motion for Summary Judgment. See ECF No. 76. He does acknowledge that the AUSAs' direct phone numbers are properly withheld under Exemption 6. Id. at 7. He also agrees that the deliberative-process privilege applies to the Government's redactions in the 14 pages it has released. Id. at 10 ("Bartko does not challenge the EOUSA's assertion that the redacted parts of the subject emails are deliberative and pre-decisional, the two necessary elements that determine whether the deliberative process privilege applies."). Instead, he raises two points of contention, which this Court resolves today: first, whether the government-misconduct exception overcomes

3

the deliberative-process privilege here; and second, whether any portions of EOUSA's release remain unaccounted for.

## II. Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). A fact is "material" if it is capable of affecting the substantive outcome of the litigation. See Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at 895. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Scott v. Harris, 550 U.S. 372, 380 (2007); Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at 895. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

FOIA cases typically and appropriately are decided on motions for summary judgment. See Brayton v. Office of the U.S. Trade Representative, 641 F.3d 521, 527 (D.C. Cir. 2011). In a FOIA case, a court may grant summary judgment based solely on information provided in an agency's affidavits or declarations when they "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Larson v. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009)

4

(citation omitted). Such affidavits or declarations "are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)). "Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'" Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 755 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)).

### III. Analysis

Plaintiff mounts two challenges here. First, he argues that EOUSA's remaining redactions are improper because government misconduct renders the deliberative-process privilege inapplicable. Second, he contends that the Government has not explained the whereabouts of 34 pages of records. The Court considers each in turn.

#### A. Deliberative Process and Government Misconduct

Plaintiff first posits that Exemption 5's deliberative-process privilege is superseded by the government-misconduct exception. This argument, however, is indistinguishable from the one the Court has already decided in its September 25, 2018, Opinion: "Bartko principally maintain[ed] that the deliberative-process privilege [was] inapplicable to [the same set of] documents because of the 'government misconduct' exception." Bartko, 2018 WL 4608239, at *5. The Court rejected that argument: "Assuming Bartko's allegations of misconduct rise to the appropriate level, they still do not vitiate the deliberative-process privilege under these circumstances." Id. at *6. That Opinion fully answers Plaintiff's objections.

Bartko nonetheless today reiterates that government misconduct occurred here and should not escape scrutiny. But the Court has already held that these <u>exact</u> documents, from this <u>exact</u> request, contain no discussions that manifest any such misconduct. <u>Id.</u> Plaintiff's extensive briefing on this point raises only issues the Court has already addressed; it makes no other argument as to why the privilege should not apply. <u>See</u> Pl. Cross-Motion at 10–12. The Court will thus grant EOUSA's Motion for Partial Summary Judgment with respect to its Exemption 5 redactions.

### B. <u>Missing Pages</u>

Down but not yet out, Bartko offers a second objection: that the Government continues to withhold 34 of the 320 pages of records it owes him. An accounting of Request No. 2015-759, however, finds that the Government has met its production burden. EOUSA released 234 pages to Bartko on November 19, 2018. It then released 14 redacted pages on December 3, 2018; 54 full pages on March 11, 2019; and one full page on April 3, 2019. <u>See</u> Francis Decl., Exhs. A–D. The count thus stood at 303 pages. The Court held last year that EOUSA had properly withheld one six-page document under Exemption 5. <u>See</u> <u>Bartko</u>, 2018 WL 4608239, at *4. That brings the number of accounted-for pages up to 309. To ensure Plaintiff received all of these released pages (minus the six withheld), EOUSA sent him a disk containing all these documents along with additional paper copies. <u>See</u> ECF No. 82 (Gov't Reply) at 3.

In its Reply, the Government produced 29 additional pages from two documents — a printout of a Fourth Circuit decision (OPR-14(f)) and the Eastern District of North Carolina's Criminal Discovery Policy (OPR-23(a)). <u>Id.</u>, Exhs. A–B. That release brings the total to 338 — 18 above the requisite 320. EOUSA explains the over-release by admitting it inadvertently produced 18 pages from OPR-20(a) twice. <u>Id.</u> at 3 n.1. Subtracting those 18 pages brings the

total to 320.  While EOUSA wins no awards for bureaucratic efficiency, it nonetheless has met its production burden with regard to this FOIA request.

## IV. Conclusion

For these reasons, the Court will grant Defendant's Motion for Partial Summary Judgment.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  July 9, 2019