# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GREGORY BARTKO,

    Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
JUSTICE, EXECUTIVE OFFICE FOR
UNITED STATES ATTORNEYS, *et al.*,

    Defendants.

Civil Action No. 17-781 (JEB)

## MEMORANDUM OPINION

The saga of *pro se* Plaintiff Gregory Bartko's Freedom of Information Act requests continues. This time around, Plaintiff and Defendant Executive Office for United States Attorneys are deadlocked on the issue of a fee waiver regarding his FOIA Request No. 2014-486. Bartko now moves for partial summary judgment (mislabeled as a cross-motion), asserting that he deserves a public-interest fee waiver for the same reasons the D.C. Circuit granted him one for a previous request in Bartko v. U.S. Department of Justice, 898 F.3d 51, 75 (D.C. Cir. 2018). Defendant responds with a Cross-Motion also seeking partial summary judgment, contending that Bartko has neither properly sought a waiver nor deserves one. As the Court disagrees, it will grant Plaintiff's Motion.

**I.    Background**

This Opinion will limit its recitation of this case's extensive procedural history to the facts relevant to fees. On September 19, 2013, Plaintiff, who is currently incarcerated for fraud, filed a voluminous FOIA request, see ECF No. 1 (Compl.), ¶ 6, one offshoot of which was Request No. 2014-486. See ECF No. 58 (Pl. MSJ), Exh. D (Dec. 12, 2013, Def. Letter). On

1

April 1, 2014, EOUSA informed him that it would provide the documents responsive to this request — concerning "all information about [Bartko] in criminal case files" — for an advance payment of $2,618. See Pl. MSJ, Exh. D (Dec. 12, 2013, Def. Letter); Pl. MSJ, Exh. E (Apr. 1, 2014, Def. Letter). It also denied his request for a waiver on the ground that it was predicated solely upon Plaintiff's *in forma pauperis* status. See Pl. MSJ, Exh. F (May 14, 2014, Def. Letter). This denial was understandable because indigent status alone does not entitle an individual to a fee waiver. See Ely v. U.S. Postal Service, 753 F.2d 163, 165 (D.C. Cir. 1985). Such a fee waiver is warranted, conversely, if the information sought is in the public interest. See 5 U.S.C. § 552(a)(4)(A)(iii). Bartko's subsequent appeals switched course to expressly raise this basis to avoid fees, see Pl. MSJ, Exh. I (Apr. 27, 2014, Pl. Appeal Letter) at 2, 5, and he repeatedly mentioned it through his succeeding communications with EOUSA and the Office of Information Policy. See ECF No. 12 (Def. Answer), Exh. L (Nov. 11, 2014, Pl. Appeal Letter) at 2, 5; Answer, Exh. O (Feb. 20, 2015, Pl. Letter) at 2. After several years of back and forth, Plaintiff filed this suit on April 27, 2017.

On September 25, 2018, in the course of resolving multiple issues between the parties, the Court addressed Request No. 2014-486. It concluded that Bartko was entitled to judicial review of his fee-waiver request because he had satisfied FOIA's exhaustion requirement. See Bartko v. U.S. Dep't of Justice, 2018 WL 4608239, at *12–14 (D.D.C. Sept. 25, 2018). The only issue the Court left open was whether a waiver was warranted on the merits, and it asked for briefing on that question. Id. at *14. Following that determination, EOUSA agreed to re-evaluate the propriety of a fee waiver. See ECF No. 53 (Oct. 19, 2018, Status Report) at 2. On November 2, 2018, it denied the waiver, asserting that Bartko had not properly sought it through the administrative process — *i.e.*, his request was based solely upon his *in forma pauperis* status

rather than public interest — and that the information would not contribute to a significant public understanding as required by 5 U.S.C. § 552(a)(4)(A)(iii). See Pl. MSJ, Exh. A (Nov. 2, 2018, Def. Letter). The parties have now briefed the correctness of such a determination.

## II. Legal Standard

FOIA cases typically and appropriately are decided on motions for summary judgment. See Summers v. DOJ, 140 F.3d 1077, 1079–81 (D.C. Cir. 1998). Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). A fact is "material" if it is capable of affecting the substantive outcome of the litigation. See Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at 895. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Scott v. Harris, 550 U.S. 372, 380 (2007); Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at 895. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

## III. Analysis

Plaintiff asserts that the documents are in the public interest and that 5 U.S.C. § 552(a)(4)(A)(iii) thus mandates a fee waiver. Defendant rejoins that he never made a proper request at the administrative level. In the alternative, EOUSA asserts that disclosure of the

3

records is not in the public interest because they will not contribute to a significant public understanding of government operations. The Court will address these positions in turn.

A. Exhaustion & Administrative Record

Despite an earlier holding to the contrary by this Court, arguments concerning administrative exhaustion still appear to linger in Defendant's briefs. See ECF No. 66 (Def. MSJ) at 8–9. Indeed, EOUSA believes that "[t]he fatal defect in Plaintiff's argument is that he does not cite any evidence that he expressly sought a fee waiver outside of litigation" — *i.e.*, through the administrative process. Id. at 9 (internal quotation marks omitted). To the extent that this is an exhaustion argument, the Court laid this dispute to rest when it concluded that "FOIA's exhaustion requirement" did not bar Plaintiff's suit and requested further briefing only on the merits of the fee waiver. See Bartko, 2018 WL 4608239, at *12. Defendant acknowledged as much when it reported to the Court on its reopening of the fee-waiver request. See Oct. 19, 2018, Status Report at 2. If conversely, Defendant is contending that the administrative record does not support Plaintiff, it is mistaken there, too. As explained in the Background, *supra*, Bartko has cited the public interest in his efforts outside of litigation to obtain a fee waiver. The Court will thus proceed to the merits.

B. Fee Waiver

The only real question remaining in this dispute, consequently, is whether disclosure of these documents is in the public interest or not. As previously mentioned, administrative agencies can charge requesters reasonable fees for processing FOIA requests. See 5 U.S.C. § 552(a)(4)(A)(i). Such fees may be waived or reduced under 5 U.S.C. § 552(a)(4)(A)(iii) if a requester shows that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government

and is not primarily in the commercial interest of the requester." The burden is on the requester to show that her fee-waiver request satisfies the statutory requirements and that she made her request "with reasonable specificity and based on more than conclusory allegations." Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (internal citations and quotations marks omitted). These fees, however, should "not be used as an obstacle to disclosure of requested information." Long v. Dep't of Homeland Sec., 113 F. Supp. 3d 100, 103 (D.D.C. 2015) (quoting Eudey v. CIA, 478 F. Supp. 1175, 1177 (D.D.C. 1979)). Fee waiver requests, accordingly are liberally construed in favor of the requester. See Nat'l Sec. Counselors v. U.S. Dep't of Justice, 848 F.3d 467, 473 (D.C. Cir. 2017); Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Educ., 593 F. Supp. 2d 261, 268 (D.D.C. 2009).

EOUSA acknowledges that disclosure is not sought for Bartko's commercial interest. See ECF No. 66–3 (Def. Response to Pl. Statement of Facts) at 2. Instead, it disagrees that this information will contribute to a significant public understanding. See Def. MSJ at 10. In order for a request to meet the "public understanding" requirement, it must fulfill four criteria: "(1) the request must concern the operations or activities of government; (2) the disclosure must be 'likely to contribute' to an understanding of government operations or activities; (3) disclosure must contribute to an understanding of the subject by the public at large; and (4) disclosure must be likely to contribute significantly to such public understanding." Judicial Watch, Inc. v. U.S. Dep't of Justice, 365 F.3d 1108, 1126 (D.C. Cir. 2004) (citing 28 C.F.R. § 16.11(k)(2), now codified in 28 C.F.R. § 16.10(k)(2)). The parties only dispute the fourth prong, as EOUSA essentially concedes the other three.

This Court does not write on a blank slate here; indeed, the D.C. Circuit has recently weighed in on this very issue in another of Bartko's cases. There — in addressing a public

5

interest fee waiver for Request No. 2014-3847 — that court sided with Bartko. See Bartko, 898 F.3d at 75. Those proceedings concerned "a FOIA request to [the Office of Professional Responsibility], seeking records relating to [Bartko] and his criminal case." Bartko v. U.S. Dep't of Justice, 102 F. Supp. 3d 342, 345 (D.D.C. 2015), rev'd in part, Bartko v. U.S. Dep't of Justice, 898 F.3d 51, 76 (D.C. Cir. 2018). The D.C. Circuit was persuaded that disclosure of those documents fulfilled the waiver requirements because it was "likely to contribute significantly to the public's understanding of how federal prosecutors endeavor to secure convictions by sidestepping important constitutional protections for the accused and how the [criminal justice] system functions in reality compared to how the system was intended to function." Bartko, 898 F.3d at 75 (citation omitted). Disclosure was particularly crucial because the issues in Plaintiff's case took place in a district that is fraught with discovery abuses. Id. at 76; see also U.S. v. Bartko, 728 F.3d 327, 343 (4th Cir. 2013). The court also found that Bartko was "uniquely positioned to convey this information because his prosecution had already garnered significant media interest." Bartko, 898 F.3d at 75 (citation omitted).

Defendant nonetheless maintains that this holding does not apply here because the requests are different. EOUSA insists that documents sought in Request No. 2014-3847 would reveal "how the government handled the misconduct," whereas those sought in Request No. 2014-486 only pertain to Plaintiff's criminal case. See Def. MSJ at 11 (emphasis added). This distinction is unpersuasive. Both concern the same general subject matter: how the government prosecuted Bartko. See Bartko, 898 F.3d at 75; Apr. 1, 2014, Def. Ltr. Regardless of whether Plaintiff directed his request to OPR or EOUSA, the information sought was sufficiently similar. In Defendant's own words the prior request — No. 2014-3847 — was for "records concerning [Bartko's] criminal case and appeal." No. 13-1135, ECF No. 156 (Def. MTD/MSJ) at 10. The

6

current request — No. 2014-486 — is likewise for "all information about [Bartko] in criminal case files." Apr. 1, 2014, Def. Ltr. The requests were similar enough in their facts that EOUSA called them "duplicate requests." See Answer, Exh. K (Oct. 15, 2014, Def. Letter) at 1. For both requests, Plaintiff explains that the public interest is to educate the public about a larger pattern of prosecutorial misconduct in the Eastern District of North Carolina. See Bartko, 102 F. Supp. 3d at 351; Apr. 27, 2014, Pl. App. Ltr. at 2. There is no convincing reason why this argument would apply to only one of the requests. The Court thus finds no cause to depart from the D.C. Circuit's ruling.

**IV. Conclusion**

For these reasons, the Court will grant Plaintiff's Motion for Partial Summary Judgment. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: July 12, 2019